The CITY OF SEVEN HILLS, Appellee,

v.

WANKEWYCZ, Appellant.

[Cite as *Seven Hills v. Wankewycz* (1996), 114 Ohio App.3d 652.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70048.

Decided Oct. 21, 1996.

*Patrick Dichero,* for appellee.

*Walter P. Bubna*, for appellant.

---

*Per Curiam.*

Bohdan Wankewycz appeals the judgment of the Parma Municipal Court finding him guilty of driving under the influence of alcohol ("DUI").

On September 20, 1995, Seven Hills police arrested Wankewycz for driving under the influence of alcohol, driving with a breath-alcohol level in excess of 0.10 grams per two hundred ten liters of breath, and failing to maintain an assured clear distance. Because the breath-alcohol test administered to Wankewycz registered 0.25, the police seized his license and placed it under administrative license suspension for ninety days, pursuant to R.C. 4511.191.

Wankewycz filed a motion to dismiss all charges, alleging that prosecution on the DUI charge following the administrative license suspension constitutes double jeopardy. The trial court, after considering the motion, denied it, and thereafter, Wankewycz pleaded no contest to the DUI charge, and the remaining charges were dismissed. On the DUI charge, the court sentenced Wankewycz to ten days in jail (seven suspended), imposed a $450 fine ($150 suspended), and also suspended his driver's license for six months, but gave credit for the time suspended under the administrative license suspension, in accordance with R.C. 4511.191(K). The trial court then stayed execution of the sentence pending appeal.

Wankewycz now appeals and assigns two errors for our review. We will address the assignments of error together because they concern a common question of law.

## I

"The trial court erred in denying defendant-appellant's motion to dismiss all charges against him under the Double Jeopardy Clause of the U.S. Constitution."

## II

"The trial court erred in failing to dismiss the D.U.I.A. charge against defendant-appellant since he was already punished by an administrative license suspension (ALS), for the same acts, and cannot be punished against [*sic*] by the court for same acts as that would constitute a double jeopardy violation under the U.S. and Ohio Constitution."

Wankewycz argues that the trial court erred in failing to dismiss the charges against him because the administrative license suspension and subsequent prosecution for driving under the influence constitute double jeopardy. The city on

the other hand contends that the trial court properly denied Wankewycz's motion to dismiss because the prosecution did not subject him to double jeopardy.

The issue then for our determination is whether the administrative license suspension and the DUI prosecution subjected Wankewycz to double jeopardy. The Ohio Supreme Court recently addressed the issue of double jeopardy in an administrative license suspension and DUI in *State v. Gustafson* (1996), 76 Ohio St.3d 425, 668 N.E.2d 435, and held in paragraph one of its syllabus:

"The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution do not preclude criminal prosecution and trial of motorists for driving in violation of R.C. 4511.19 based upon, and subsequent to, the imposition of an administrative license suspension pursuant to R.C. 4511.191."

■ Thus, in accordance with this holding in *Gustafson*, which we are constrained to follow, we conclude that the administrative license suspension and the subsequent prosecution for driving under the influence did not place Wankewycz in double jeopardy.

However, the court also stated in *Gustafson*, at 444, 668 N.E.2d at 449–450, where it considered the cases of Miller, Brown, and Smith, each of whom failed a chemical test:

"Continued recognition of each defendant's ALS subsequent to conviction and criminal sentencing would therefore result in these appellants being punished twice in separate proceedings based on the same conduct of drunk driving. Thus R.C. 4511.191 would be applied unconstitutionally to them."

■ Hence, while the record reflects that the trial court stayed execution of the DUI sentence, no similar termination of the ALS occurred. Therefore, in accord with *Gustafson*, while the prosecution for DUI is not precluded by the Double Jeopardy Clauses of the U.S. or Ohio Constitutions, in this instance Wankewycz has already served a part of the ALS subsequent to conviction and criminal sentencing. Consequently, the continuing ALS crossed the line on November 27, 1995 and became punishment for double jeopardy purposes. See *Gustafson, supra*, at 442, 668 N.E.2d 435, Hence, no separate punishment for DUI can now be imposed because to do so would constitute double punishment for the same drunk driving conduct. Accordingly, we affirm the conviction for DUI but terminate the sentence imposed by the trial court for the DUI because Wankewycz has already been punished for that conduct.

*Judgment affirmed as modified.*

PATRICIA ANN BLACKMON, P.J., NAHRA and O'DONNELL, JJ., concur.