I concur in the majority's analysis and disposition of appellant's first assignment of error. I respectfully dissent from the majority's disposition of appellant's second assignment of error. My reasons follow.
The majority concludes appellant did not prove by a preponderance of the evidence R.C. 4511.191 (H)(1)(d)(ii) was not complied with. It does so apparently because the subject test result, although ordered suppressed by the trial court resulting in dismissal of the (A)(3), ". . . was going to be used [at trial] through the proper admission of expert testimony." (Majority Opinion at 8). Therefore, the majority reasons, the trial court ". . . was not required by law to terminate the ALS suspension upon suppression of the breath test results . . . [and] . . . the ten year license suspension to which appellant was sentenced by reason of the instant conviction does not violate double jeopardy." (Majority Opinion at 8).
I fail to see what relevance appellee's notice of its intent to use the test result in the ensuing (A)(1) trial has to do with whether appellant proved R.C. 4511.191 (H)(1)(d)(ii) was not met at the ALS appeal hearing. The ALS appeal hearing was conducted simultaneously with the suppression hearing andprior to trial. No expert appeared at the ALS appeal hearing to establish appellant's breath was over the legal limit at the time of the alleged offense. The fact appellee notified appellant of its intent to use an expert at trial to lay a foundation for admission of the test result is inconsequential. The (A)(1) prosecution could be maintained with or without such expert testimony. What if the expert failed to lay a proper foundation for admission of the test result, but the jury, nevertheless, found appellant guilty of the (A)(1) offense? I presume the majority would then conclude double jeopardy would attach. To determine whether double jeopardy attaches based upon whether the test result is admitted into evidence in a subsequent, separate prosecution, I believe begs the question. The ppoper question is whether the continued recognition of the ALS suspension subsequent to the appeal hearing bars additional punishment upon appellant's conviction of the (A)(1) charge. I conclude it does.
Unlike the majority, I believe the ALS suspension should have terminated the same day the trial court suppressed the test result. Because it did not, I find the continued recognition of the ALS suspension after the suppression of the test result, and the dismissal of the (A)(3) charge until the trial court sentenced appellant on the (A)(1) charge constitutes punishment when applying the analysis of the Ohio Supreme Court inState v. Gustafson (1996), 760 Ohio St.3d 425. Upon determining the test result was inadmissible at the combined ALS appeal and the suppression hearings, the continued recognition of the ". . . administrative license suspension crosses the line, transforming an initially remedial license suspension into a punishment for double jeopardy purposes . . ." Id. at 442.
I agree with the rationale and conclusion reached by my brethren in the Eighth District Court of Appeals in Seven Hillsv. Wankewycz (1996), 114 Ohio App.3d 652. Therein, the court held ". . . the continuing ALS crossed the line . . . and became punishment for double jeopardy purposes. [citation omitted]. . . Accordingly, we affirm the conviction for DUI but terminate the sentence . . . because Wankewycz has already been punished for that conduct." Id. at 654. I believe the instant case mandates the same result.
 --------------------------- JUDGE WILLIAM B. HOFFMAN